UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.   8:12-cr-346-T-23TBM
                                                                       8:13-cv-3264-T-23TBM

ELIEL ABRAHAM MIRELES-PALACIOS
_____/

**O R D E R**

Mireles's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the

validity of his convictions (1) for conspiracy to possess with intent to distribute 500

grams or more of methamphetamine and (2) for being found in the United States after

deportation for an aggravated felony, for which he serves 188 months.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review

of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face

of the motion, any attached exhibits, and the record of prior proceedings that the

moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557,

558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was

proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he

is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule

4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the

_____

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before
October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Mireles failed to sign his motion to vacate. Consequently, the motion to vacate fails to comply with the requirements of both Rule 11, Federal Rules of Civil Procedure, and Rule 1.05(d), Local Rules of the Middle District of Florida. Moreover, the motion asserts no valid claim.

Mireles was convicted as a career offender based on two earlier convictions for drug offenses, specifically a conviction entered in 2002 in a Georgia state court for possession of marijuana with the intent to distribute and a conviction entered in 2009 in a Georgia federal court for distribution of cocaine. In his motion to vacate, Mireles asserts an unsupported allegation that the two earlier convictions were obtained contrary to the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969). Mireles requests a stay of his motion to vacate while he challenges the validity of the two earlier convictions. Mireles expresses concern that a later motion to vacate might be time-barred. The present motion to vacate is premature because Mireles's *Boykin* claim is not ripe until one of the earlier convictions is vacated. Under *Johnson v. United States*, 544 U.S. 295 (2005), and *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), Mireles's one-year limitation will begin when he successfully challenges one of the earlier convictions.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk must close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### <u>AND LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>

Mireles is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Mireles must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because (1) the motion fails to comply with Rule 11, Federal Rules of Civil Procedure, and (2) asserts only a claim that he hopes will exist in the future, Mireles cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Mireles is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Mireles must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on February 10, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE